**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

GARRY M. THOMPSON                                                                                          PLAINTIFF

V.                                              NO. 4:04CV00685-JTR

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                                      DEFENDANT

**MEMORANDUM AND OPINION**

Plaintiff, Garry Thompson, appeals the final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). Both parties have submitted Appeal Briefs (docket entries #11 and #12), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

On January 17, 2001, Plaintiff filed his Application for DIB alleging that he has been unable to work since May 26, 1996, due to chronic hepatitis C, and porphyria. (Tr. 62-65, 78.) After Plaintiff's claim was denied initially and on reconsideration (Tr. 53, 50), he requested a hearing before an Administrative Law Judge ("ALJ").

On September 4, 2002, the ALJ conducted an administrative hearing. (Tr. 465-517.) Plaintiff was 42 years old at the time of the hearing (Tr. 469), with a GED, one year of college, and special training in the Air Force as a mechanic and an EMT and truck driver. (Tr. 84.) Plaintiff's past relevant work included jobs as a mechanic, EMT, and truck driver. (Tr. 79, 97.)

The ALJ considered Plaintiff's impairments by way of the familiar five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b). If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id.,* § 404.1520(c); *see* 20 C.F.R. § 404.1526. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(d). If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id.,* § 404.1520(e).[2] If so, benefits are

---

[2]In regulations that became effective September 25, 2003, the Social Security Administration amended and clarified certain aspects of the sequential evaluation process in ways not material to

denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id.*, § 404.1520(f). If so, benefits are denied; if not, benefits are awarded.

During the administrative hearing, Plaintiff testified that, a number of years ago, he was diagnosed with hepatitis C and porphyria.[3] Plaintiff underwent phlebotomies[4] for his porphyria every two weeks from January 25, 1996, through June 7, 1996. (Tr. 118, 120, 123, 124, 128, 134, 136, 141, 149, 236.) The medical evidence fully supports Plaintiff's testimony that his porphyria caused many chronic open sores on his hands. For example, in September of 1995, he was treated for a recurrent infection on his hand (Tr. 153); in January of 1996, he had a significant rash on his hands and forearms (Tr. 250); in May of 1996 it was noted that Plaintiff had numerous scabs and sores all over both hands and fingers (Tr. 121); and in July 2000, he had several excoriated bullous lesions on his hands and forearms (Tr. 194).

Plaintiff testified that his hands, arms, and face started blistering in 1994 and 1995. (Tr. 473.) He stated that he could not work because he could not grasp any objects with his hands nor hold weight. He also testified that he could not lift much weight because his skin would pop open. (Tr. 477.)

---

this opinion. 20 C.F.R. § 404.1520(e) and (f) were redesignated 20 C.F.R. § 404.1520(f) and (g), respectively. 68 Fed. Reg. 51153, 51161-62 (August 26, 2003).

[3]Porphyria is a blistering disease of the skin affecting light or sun-exposed areas. It has been found to be triggered by hepatitis C.

[4]During this procedure, blood is drawn off from the affected area to reduce the symptoms of porphyria.

In his decision, dated March 15, 2003, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since May 26, 1996 (Tr. 22); (2) had severe impairments, including porphyria cutanea tarda, hepatitis C, depression, weakness, and easy fatigability, but did not have an impairment or a combination of impairments that met or equaled a listing (*id.*); (3) retained the residual functional capacity ("RFC") to perform the physical exertional and nonexertional requirements of a narrowed range of sedentary work;[5] and (4) was unable to perform his past relevant work as a long haul truck driver, mechanic, or EMT (*id.*). At step 5, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that there were jobs available in the local, regional, and national economy that Plaintiff could perform, including work as a repair order clerk, auto locator, and credit and control clerk. (Tr. 22.) Finally, in concluding that Plaintiff was "not disabled," the ALJ noted that: **Alcoholism is a contributing factor material to this determination**." (Emphasis in original.) (Tr. 23.)

On June 16, 2004, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner (Tr. 6-8). On July 16, 2004, Plaintiff filed his Complaint (docket entry #2) initiating this appeal.

In Plaintiff's Appeal Brief, he argues that: (1) substantial evidence does not support the VE's testimony (*Pltf.'s App. Br.* at 6-11); (2) the ALJ erred in his analysis of Plaintiff's alcoholism as a contributing factor to his disability (*Pltf.'s App. Br.* at 12-13); and (3) the ALJ did not properly evaluate the reports of Plaintiff's treating physicians. (*Pltf.'s App. Br.* at 15-16.) The Court will address each of these arguments separately.

---

[5]The ALJ found that Plaintiff could not perform a full range of sedentary work because of his painful skin condition, fatigue, and depression. (Tr. 22.)

First, Plaintiff contends that substantial evidence does not support the VE's testimony. Specifically, Plaintiff argues that the ALJ's hypothetical questions to the VE: only accounted for 6 hours of an 8-hour workday;[6] did not include all of the claimant's limitations; did not identify the claimant's transferable skills;[7] and resulted in the VE offering that the testimony was inconsistent with the *Dictionary of Occupational Titles* (DOT). (*Pltf.'s App. Br.* at 6-11.)

During the hearing, the ALJ asked the VE three hypothetical questions. The first hypothetical assumed an individual:

1. Who is 42 years old;
2. With an eleventh grade education, GED, and vocational background of the claimant;
3. Can lift 10 to 20 pounds occasionally;
4. Can stand or walk for a total of two hours of an eight-hour work period 30 to 45 minutes without interruptions;
5. Can sit for a total of six hours out of an eight-hour period one to one-and-a-half hours without interruption;
6. Can occasionally climb, frequently balance, occasionally stoop, crouch, kneel, crawl;
7. No significant impairment in the ability to reach;
8. A slight impairment in the ability to handle;
9. No impairment in the ability to feel, push, pull 10 to 20 pounds;
10. A slight impairment in the ability to see;
11. No impairment in the ability to hear or speak;
12. Can never work in temperature extremes;
13. Good ability to follow work rules; good ability to relate to coworkers, fair ability to deal with the public, fair ability to use judgment, good ability

---

[6] Plaintiff's argument that the ALJ's RFC did not account for an 8-hour workday is without merit. In his decision, the ALJ mischaracterized his hypothetical question to the VE in a way that makes it appear he accounts for only a six-hour work day. (Tr. 21.) However, the hypothetical question the ALJ actually asked the VE properly accounted for an 8-hour work day. The ALJ's mischaracterization of his hypothetical in his decision does not rise to the level of reversible error.

[7] The ALJ's hypothetical did not identify which of the claimant's skills were transferable to other work. However, the VE provided examples of the work that Plaintiff could perform based solely on his transferable skills from past relevant work. (Tr. 511-512.) Thus, the ALJ's failure to include transferable job skills in his hypothetical is not error.

> interacting with supervisors, fair ability to deal with stress, good ability to function independently, fair ability to maintain attention and concentration, fair ability to understand, remember and carry out complex job instructions; very good ability to understand, remember, and carry out detailed not complex job instructions; good ability to maintain personal appearance, behave in an emotionally stable manner; fair ability to relate predictably in social situations and demonstrate reliability. (Tr. 512-513)

The VE testified that such an individual could perform the following sedentary jobs: repair order clerk, automobile locator, and credit card control clerk. (Tr. 511-512.) A review of the DOT shows that the jobs of repair order clerk (221.382-002) and automobile locator (296.367-010) require the ability to frequently reach, handle, and finger; credit card control clerk (249.367-026) requires occasional stooping and crouching, constant reaching and handling, and frequent fingering.

The ALJ's second hypothetical question, asked the VE to consider a hypothetical person who:

1.   Can lift up to 10 pounds occasionally;
2.   Must be able to alternately sit and stand;
3.   Has a moderate impairment in the ability to handle;
4.   Cannot ever work around chemicals or outside in the sunlight;
5.   Can never crawl, never climb, occasionally balance, never crouch (Tr. 514).

The VE testified that such a hypothetical person could still perform the same sedentary jobs specified in the VE's answer to hypothetical question #1. (Tr. 514.)

The jobs listed by the VE in response to hypotheticals #1 and #2 are inconsistent with Plaintiff's RFC. The ALJ found that Plaintiff had the RFC to perform the physical exertional and nonexertional requirements of a narrowed range of sedentary work, which was reduced from the full range of sedentary work by a painful skin condition, fatigue, and depression. (Tr. 23.) The ALJ also found that Plaintiff had a moderate impairment in the ability to handle (Tr. 21, 514) and that his ability to perform sedentary work was also eroded by his partial loss of manual dexterity. (Tr. 20-

21.) The jobs of repair order clerk and automobile locator require the ability to *frequently handle*, and the job of credit card control clerk requires *constant handling*. Thus, other jobs that the VE testified Plaintiff could perform are beyond the scope of his RFC.

Furthermore, testimony from a VE is substantial evidence only when the testimony is based on a correctly phrased hypothetical question that fairly captures the concrete consequences of a claimant's impairments. *Porch v. Chater*, 115, F.3d 567, 572-73 (8th Cir. 1997). James B. Cooper, M.D., one of Plaintiff's treating physicians, opined that, as of October 1, 1996, Plaintiff was disabled due to chronic hepatitis C and porphyria. (Tr. 464.) Consistent with his well documented and longstanding problems associated with hepatitis C and porphyria, Plaintiff testified in great detail about the skin problems and blistering that make it impossible for him to work with his hands. (Tr. 479-486.) Suffice it to say, there is little, if any, evidence to support the ALJ's statement in hypothetical #2 that the hypothetical person had only a "moderate impairment in the ability to handle." (Tr. 23.)

Second, Plaintiff argues that the ALJ erred in his drug abuse and alcohol ("DAA") analysis. Pursuant to the 1996 Contract with America Advancement Act, an individual is not disabled if alcoholism or drug addiction is a contributing factor material to the Commissioner's determination that the individual is disabled. 42 U.S.C. § § 423 (d) (2) (c), 1382c (a) (3) (J). When drug abuse or alcoholism are factors in a disability determination, the ALJ must first determine whether the claimant is disabled. 20 C.F.R. § 404.1535. If the claimant is initially found disabled, the ALJ must proceed to a second step and determine if the claimant would still be disabled if he stopped using alcohol or drugs, *i.e.*, are the non-DAA impairments independently disabling. *Id.* Thus, a finding of disability is a condition precedent to applying the special rule on drug and alcohol addiction.

Here, the ALJ took into consideration *all* of Plaintiff's impairments, including his limitations from his alleged alcoholism, and then determined that Plaintiff was not disabled. This analysis is consistent with 20 C.F.R. § 404.1535 and the Court's analysis in *Brueggemann v. Barnhart*, 348 F.3d 689 (8th Cir. 2003).

Finally, Plaintiff argues that the ALJ erred in disregarding the opinion of his treating physician, Dr. Cooper. During the administrative hearing, the ALJ stated the following: "I think he is disabled at this point in time. The problem that I have . . . is what was his condition on the date . . . he's last insured for benefits . . . December 31, 1997." (Tr. 508.) At the close of the hearing, the ALJ reminded Plaintiff's counsel to see if he could get "Dr. Cooper if he's the one treating you back then and give us some idea about what his medical view was . . . ." (Tr. 515.)

Accordingly, Dr. Cooper submitted written letters on October 7, 2002, and January 7, 2003, opining that Plaintiff was disabled. (Tr. 445, 464.) Dr. Cooper indicated that, because he did not begin treating Plaintiff until October 1, 1996, he could not express an opinion regarding whether Plaintiff was disabled prior to that date. However, Dr. Cooper noted that Plaintiff told him it was in May of 1976 that Plaintiff's skin and liver conditions got bad enough that he had to stop working. (Tr. 445.) Dr. Cooper went on to unequivocally state that Plaintiff had been disabled since October 1, 1996 (Tr. 464), due to chronic hepatitis C, which was causing liver damage and problems, and severe porphyria, which caused severe blistering and sore formations. (Tr. 445.)

A treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight if it is well-supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002). However, a physician's opinion on an issue reserved for the Commissioner, such as whether

a claimant is disabled, is not controlling.  SSR 96-5.

In this case, the ALJ rejected Dr. Cooper's opinion that Plaintiff was disabled because:  the ultimate issue of disability is reserved for the ALJ; the ALJ had no "*guarantee*" that the doctor's opinion was unbiased;[8] Dr. Cooper was not trained in the rules and regulations of the Social Security Act such that he could determine disability; and the record contained inconsistencies with regard to Plaintiff's onset date, symptoms, and excessive consumption of alcohol.[9]  (Tr. 19.)  Dr. Cooper's opinion that Plaintiff has been disabled since October 1, 1996, is not inconsistent with the May 26, 1996 onset date.  At most, Dr. Cooper was unwilling to give his opinion of Plaintiff's disability status before October 1, which was when he first treated Plaintiff.  Moreover, a review of the record reveals no significant  inconsistencies as to Plaintiff's symptoms between May 26 and October 1, 1996.

In conclusion, the ALJ failed to provide an adequate basis for rejecting Dr. Cooper's opinion that Plaintiff was disabled.  Although the ALJ was not required to accept Dr. Cooper's opinion on the ultimate issue of whether Plaintiff was disabled, it was error to reject that opinion where there was no other inconsistent medical evidence in the record.

On remand, the ALJ should make certain that his hypothetical question to the VE fairly and

---

[8] The ALJ specifically asked Plaintiff's counsel to obtain additional information from Dr. Cooper regarding whether Plaintiff was disabled prior to his last insured date of December 31, 1997. Thus, it seems curious for the ALJ to reject Dr. Cooper's opinion because there was no *guarantee* his opinion was "unbiased." Little, if any, evidence would ever be admitted if it required the introducing party to prove to the level of a "guarantee" (whatever that means) that the evidence was "unbiased."  The ALJ should have focused on whether anything in the record suggested that Dr. Cooper's opinion was biased.  The ALJ cites nothing that would support such a conclusion.

[9] There is no real issue of Plaintiff's onset date which was consistently reported as May 26, 1996, the day he stopped working (Tr. 62, 78, 92).

accurately captures all of Plaintiff's limitations.  The ALJ should properly weigh the opinion of Plaintiff's treating physician, Dr. Cooper, and, if the ALJ elects to reject that opinion, he should provide appropriate and substantive reasons for doing so.

IT IS THEREFORE ORDERED THAT the Commissioner's decision is REVERSED AND REMANDED.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g) and *Melkonyan v. Sullivan,* 501 U.S. 89 (1991).

DATED this 17th day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE